IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

        Plaintiff,                   No. 2:12-cv-0589 EFB P

    vs.

EPP, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**      **Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 5.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

III.     **Summary of Allegations in Complaint (Dckt. No. 1)**

Plaintiff alleges that on February 29, 2012, the district judge presiding over his habeas action adopted the magistrate judge's findings and recommendation in full, resulting in the dismissal of plaintiff's habeas action, *Driver v. Walker*, Case No. 2:11-cv-1055-MCE-JFM (E.D. Cal.).[1]  According to the allegations in the complaint, the district judge dismissed plaintiff's habeas action "because [the] court had not received [plaintiff's] objection to the magistrate['s] findings and recommendation[s] . . . ."  Plaintiff claims that he submitted his objections for mailing on February 12, 2012, and because they did reach the court in time, he will not be released him from prison as requested in his petition.  Plaintiff claims that it was defendant Epp who "stole" plaintiff's legal mail.

IV.     **Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed failure to state a claim upon which relief may be granted.  Although plaintiff does not identify any claims for relief in the complaint, the court construes plaintiff's allegations as an attempt to state a claim that he was denied his right of access to the courts.

Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this right must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.  *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Here, plaintiff fails to demonstrate an actual injury for purposes of an access to the courts claim. The district judge dismissed plaintiff's habeas action on February 29, 2012 on the grounds that plaintiff had failed to exhaust available state court remedies and because the petition was procedurally defaulted. *See Driver v. Walker*, Case No. 2:11-cv-1055-MCE-JFM (E.D. Cal.), Dckt. No. 26 (Feb. 29, 2012 Order); *see id.*, Dckt. No. 25 (Feb. 3, 2012 Findings and Recommendation) at 4 (finding that "petitioner ha[d] not fairly presented his claims to the state's highest court and ha[d] not satisfied the exhaustion requirement," and that "[p]etitioner concede[d] his petition was untimely"). In the instant complaint, plaintiff does not allege that his claims were, in fact, exhausted, or that they were otherwise meritorious.[2] *See Lewis*, 518 U.S. at 351 (inmate must demonstrate that "a nonfrivolous legal claim [was] frustrated or . . . impeded"). Moreover, plaintiff's appeal of the judgment in his habeas action is still pending before the U.S. Court of Appeals for the Ninth Circuit. *See Driver v. Walker* Case No. 12-15868 (9th Cir.). As plaintiff is still actively litigating his habeas action, his litigation efforts could not have been "actually injured" for purposes of an access to the courts claim. *See Fosselman v. Hidalgo*, Case No. 1:11-cv-0575-AWI-MJS, 2012 U.S. Dist. LEXIS 18308, at *12 (E.D. Cal. Feb. 14, 2012) (dismissing plaintiff's access to the court's claim because the "continuing pendency" of his case was "inconsistent with his claim that his right to access to the court was constitutionally interfered with"). Additional, the court notes that the February 29, 2012 dismissal order expressly stated that plaintiff had "not filed objections to the findings and recommendations." Dckt. No. 26. Upon receiving that order, plaintiff could have requested relief from judgment, explaining that the court had failed to consider the objections that plaintiff states he had given to

---

[2] Plaintiff's February 12, 2012 objections, which were ultimately filed after judgment was entered, address the exhaustion issue in conclusory terms only. *See* Dckt. Nos. 29, Ex. B (objections filed as exhibit to request for certificate of appealability); Dckt. No. 32 (objections) at 3 (stating that "[i]t was not even remotely possible that petitioner would be able to satisfy the state court exhaustion requirements by the absurd procedural demands by the state superior court in a cruel attempt at putting petitioner on the defense when it is exceedingly evident and clear that relief should be granted.").

prison officials for mailing on February 12, 2012.  Instead, however, plaintiff requested a certificate of appealability and filed a notice of appeal.  *Id.*, Dckt. Nos. 28, 29.  For these reasons, plaintiff has failed to state a cognizable claim that he was denied access to the courts, and the defects in this claim could not be cured by further amendment.  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (Dckt. No. 5) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for failure to state a claim and the Clerk is directed to close this case.

DATED:  September 5, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE